UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MIGUEL ANGEL GARCIA a.k.a. MIKEY GARCIA,<br><br>Plaintiff,<br><br>v.<br><br>TOP RANK, INC., a Nevada corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:14-cv-01456-RFB-PAL<br><br>**ORDER**<br><br>Plaintiff's Motion to Amend Complaint (ECF No. 62) |

**I.     INTRODUCTION**

This matter is before the Court on Plaintiff Miguel Angel Garcia's Motion to Amend the Complaint. ECF No. 62. For the reasons discussed below, Garcia's motion is granted.

**II.    BACKGROUND**

Garcia filed a Complaint against Defendant Top Rank, Inc. ("Top Rank") and numerous Doe defendants in California state court on April 8, 2014, which was removed to the United States District Court for the Central District of California on May 8, 2014. Pet. for Removal, ECF No. 1; Notice of Assignment, ECF No. 3. In his Complaint, Garcia alleged that the Promotional Rights Agreements he entered into with Top Rank violated both California and federal law. Garcia sought declaratory relief for the alleged violations of California law and damages for the alleged violations of federal law. The action was transferred to this Court on September 10, 2014, pursuant to the ruling of the U.S. District Court for the Central District of California that certain of the agreements between Garcia and Top Rank contained mandatory and

enforceable forum selection clauses specifying that actions related to those agreements must be brought in the District of Nevada. Order, ECF No. 36; Transmittal of Documents, ECF No. 37.

On November 4, 2014, the Court granted the parties' stipulation to dismiss Garcia's first three causes of action in his Complaint, which were based on California law. Order, ECF No. 52. The Order on the parties' stipulation also provided that "Garcia reserves the right to bring additional claims against Top Rank for any violations of the Nevada boxing regulations. Top Rank reserves its rights to challenge any 'additional claims' Garcia may assert, including Garcia's 'right' to assert such claims in the first instance." Id. at 3. On January 27, 2015, the Court set discovery deadlines in this case, including a deadline of March 20, 2015 to amend pleadings and add parties. Order on Stipulation, ECF No. 60. Garcia filed the Motion to Amend now pending before the Court on March 11, 2015. ECF No. 62.

### III.    LEGAL STANDARD

Amendment of pleadings is governed by Rule 15 of the Federal Rules of Civil Procedure, provided that leave to amend is requested prior to the expiration of the deadline for amending pleadings as set forth in the scheduling order, if one has been entered. AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 952 (9th Cir. 2006); Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000) (stating that Rule 16 applies where a court has "filed a pretrial scheduling order that established a timetable for amending the pleadings, and the deadline [has] expired" before the filing of the motion to amend).

According to Rule 15, courts should freely grant a party leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts are to apply this policy with "extreme liberality." Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001) (internal quotation marks omitted). In general, leave to amend under Rule 15 should be denied only where there is a "showing of bad faith, undue delay, futility, or undue prejudice to the opposing party"—considerations commonly referred to as the Foman factors. Chudacoff v. Univ. Med. Ctr. of S. Nevada, 649 F.3d 1143, 1152 (9th Cir. 2011); Foman v. Davis, 371 U.S. 178, 182 (1962). Prejudice is the "touchstone" of the Rule 15(a) analysis, however, and therefore receives the

greatest weight. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." Id. (emphasis in original).

**IV.    DISCUSSION**

The Court finds that Top Rank has not carried its burden of demonstrating that it will be prejudiced by the amendment, nor has it shown that any of the remaining Foman factors strongly favor dismissal. Therefore, in light of the Federal Rules' liberal policy favoring amendment, the Court grants Garcia leave to amend his Complaint.

In its opposition brief, Top Rank contends that Garcia has unduly delayed in seeking leave to amend. This argument is unpersuasive. Although Garcia certainly knew that the agreements he signed with Top Rank contained forum selection clauses specifying that Nevada law should apply and knew of Top Rank's contention that Nevada law should apply to this case, it nonetheless appears that Garcia had a good-faith, non-frivolous belief that those agreements did not relate to his claims, that they were not mandatory, or that they were otherwise inapplicable. Garcia correctly argues that the decision to the contrary of the U.S. District Court for the District of Central California did nothing to change the fact that his arguments regarding the forum selection clauses were made in good faith and were not frivolous. Garcia's California-based claims were not dismissed until November 2014, and the proposed Amended Complaint was filed on March 11, 2015. Although this delay of four months is not insignificant, it is important to note that Garcia filed his proposed amendment within the time limits set by the Court for filing amended pleadings. In addition, discovery is still ongoing in this case and no dispositive motions have been filed. Given this procedural context, the Court finds that Garcia has not unduly delayed in seeking amendment.[1]

---

[1] Moreover, even if the Court were to find that Garcia unduly delayed, "[d]elay alone does not provide sufficient grounds for denying leave to amend. . . . The crucial factor is not length of delay, but prejudice. Where there is a lack of prejudice to the opposing party and the amended complaint is obviously not frivolous, or made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny leave to amend." United States v. Pend Oreille Pub. Util. Dist. No. 1, 926 F.2d 1502, 1511-12 (9th Cir. 1991) (alteration in original) (citations and internal quotation marks omitted). As will be discussed below, the Court does not find that amendment would unduly prejudice Top Rank, and therefore undue delay alone would be insufficient reason to deny leave to amend.

1    Nor would granting Garcia's proposed amendment unduly prejudice Top Rank. Top
2 Rank makes much of the fact that it has already expended substantial resources litigating the
3 choice of law issues in this case. But as the Court has already stated, Garcia had a good-faith
4 basis for arguing that California law applied. Top Rank also asserts that it will be unduly
5 prejudiced by being forced to incur additional expenses defending against Garcia's claims based
6 upon Nevada law, which may include seeking additional discovery. However, Top Rank has not
7 demonstrated that Garcia's proposed Nevada-based claims are so different from his California-
8 based claims so as to prejudice Top Rank by forcing it to defend against "different legal
9 theories" and provide "proof of different facts." AmerisourceBergen, 465 F.3d at 953. To the
10 contrary, Top Rank's argument that it will be forced to litigate on a new theory is belied by its
11 own claim, elsewhere in its brief, that Garcia's proposed amendment "reassert[s] the *identical*
12 causes of action under Nevada law." Opp'n Mot. Amend at 6, ECF No. 63 (emphasis added).
13 Top Rank thus has not demonstrated that it will be unduly prejudiced by amendment.

14    Finally, Top Rank has not shown that Garcia's proposed amendment would be futile.
15 "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to
16 the pleadings that would constitute a valid and sufficient claim or defense." Sweaney v. Ada
17 Cnty., Idaho, 119 F.3d 1385, 1393 (9th Cir. 1997) (quoting Miller v. Rykoff-Sexton, Inc., 845
18 F.2d 209, 214 (9th Cir. 1988)). Garcia's proposed Amended Complaint contains two additional
19 causes of action based on Nevada law. With respect to the first, which requests declaratory relief
20 from Nevada statutory and code violations, Top Rank argues that Garcia failed to allege
21 "sufficient factual matter, accepted as true, to state a claim to relief" and thus did not state a
22 claim upon which relief can be granted. Ashcroft v. Iqbal, 556 U.S. 661, 678 (2009). The Court
23 disagrees. Garcia's proposed Amended Complaint plainly alleges sufficient facts to state a claim.
24 For example, Garcia supports his claim that Top Rank violated Nevada law by acting as his
25 unlicensed manager with the following factual allegations: that Top Rank is not a licensed
26 boxing manager in Nevada; that it used its discretion to select the date, location, and financial
27 arrangement of his bouts; that it selected his opponents; and that it was compensated for Garcia's
28 services and received more than ten percent of his gross purse. Mot. Amend. Ex. 1 ¶¶ 24-28.

Similarly, Garcia's claim that Top Rank violated the Nevada Administrative Code as it relates to promoters is supported by his allegations earlier in the Amended Complaint that Top Rank acted as his manager and received financial compensation for his services. Id. ¶¶ 24-28, 32-35. The remainder of Garcia's first cause of action, as well as his second, are similarly supported by sufficient factual allegations that, taken as true, state a claim upon which relief can be granted. Additionally, while Top Rank argues that Garcia's second cause of action fails as a matter of law, Top Rank cites no authority to that effect that is binding upon this Court. Top Rank's futility argument is therefore rejected.

Because Top Rank has not shown the existence of undue delay, bad faith, undue prejudice, or futility, the Court grants leave to amend in this case.

## V. CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Plaintiff Miguel Angel Garcia's Motion to Amend (ECF No. 62) is GRANTED. Plaintiff shall have **14 days** from the date of this Order to file the Amended Complaint.

DATED: June 23, 2015.

**RICHARD F. BOULWARE, II**
**United States District Judge**