UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MIGUEL ANGEL GARCIA,<br><br>                Plaintiff,<br>v.<br>TOP RANK, INC.,<br><br>                Defendant. | Case No. 2:14-cv-01456-RFB-PAL<br><br>**ORDER** |

This matter is before the Court on Plaintiff Miguel Angel Garcia's Sealed Responses to the Motion for Partial Summary Judgment (Dkt. #108, #117) and Sealed Appendices: Volume 1 (Dkt. #118), Volume 2 (Dkt. #119), Volume 3 (Dkt. #120), and Volume 4 (Dkt. #121) (the "Sealed Filings"). Plaintiff filed these documents under seal but did not request leave of the Court to do so.

Pursuant to LR 10-5 of the Local Rules of Practice, attorneys must file documents under seal using the court's electronic filing procedures:

> Unless otherwise permitted by statute, rule or prior Court order, papers filed with the Court under seal shall be accompanied by a motion for leave to file those documents under seal, and shall be filed in accordance with the Court's electronic filing procedures. If papers are filed under seal pursuant to prior Court order, the papers shall bear the following notation on the first page, directly under the case number: "FILED UNDER SEAL PURSUANT TO COURT ORDER DATED _____." All papers filed under seal will remain sealed until such time as the Court may deny the motion to seal or enter an order to unseal them, or the documents are unsealed pursuant to Local Rule.

*See* LR 10-5(b).[1]

---

[1] To streamline the process of sealing or unsealing documents as may be necessary, the parties are instructed to electronically file the documents they want sealed as separate attachments from the main document in CM/ECF. When portions of a filing may be sealed, litigants must not combine their motion, memorandum of points and authorities, declaration, and/or exhibits into one PDF document and then file that single PDF as the "main document" in CM/ECF's document upload screen. This practice makes it impossible for the Clerk of the Court to unseal documents the court finds should not be sealed because the

1

Additionally, the standards articulated by the Ninth Circuit in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) must be satisfied to overcome the presumption of public access to judicial files and records. The public has a general right to inspect and copy judicial records, and such records are presumptively accessible to the public. *Id*. at 1178. Thus, a party seeking to seal a judicial record bears the burden of overcoming this strong presumption. *Id.* Furthermore, only those portions of a motion that contain specific reference to confidential documents or information, and the exhibits that contain such confidential information, may be filed under seal. *See, e.g.*, *In re Roman Catholic Archbishop of Portland*, 661 F.3d 417, 425 (9th Cir. 2011). The remainder of the motion, and other exhibits that do not contain confidential information, must be filed as publicly-accessible documents. *Id*.

Plaintiff submitted the Sealed Filings without any explanation as to why these filings should be sealed. The protective order governing this case provides clear instruction that the parties shall comply with the court's local rules and obtain leave to file documents under seal:

> A party seeking to file under seal any designated material must comply with Local Rule 79-5. Filings may be made under seal only pursuant to a court order authorizing the sealing of the specific material at issue. The fact that a document has been designated under this Order is insufficient to justify filing under seal. Instead, parties must explain the basis for confidentiality of each document sought to be filed under seal.

*See* Stipulation for Protective Order (Dkt #30) (entered by Magistrate Judge Sheri Pym of the Central District of California) at 24–25. The protective order also advises the parties that the standards for sealing are not satisfied by the mere fact that one party designated information as confidential under a protective order. *Id*. Under *Kamakana*, a party must make a particularized

---

docketing clerks cannot separate the pages for sealing purposes. Should leave to file under seal be granted for some but not all documents, the court must then order litigants to refile the unsealed documents, rather than simply instructing the clerk's office to seal or unseal specific documents. Instead, litigants should save *each* exhibit they want sealed as a separate PDF document and then file each PDF in CM/ECF's document upload screen as "attachments" to a main document. The court's review of any motion requesting leave to file under seal will be complicated by the parties' failure to properly file their exhibits through CM/ECF. For additional direction, the parties may refer to the updated procedures in *CM/ECF Version 4.0 Enhancements and Changes*, which is available on the court's website, or contact the CM/ECF Helpdesk at (702) 464-5555.

showing to overcome the presumption of public accessibility. Plaintiff has not complied with the protective order by submitting the Sealed Filings without leave of the court to do so.

The undersigned will allow the filing to remain sealed temporarily so the parties may confer about what, if any, portions of the Sealed Filings should be sealed. If any party determines that a filing or portion thereof should remain sealed, that party will be required to file a memorandum of points and authorities making a particularized showing why the documents should remain under seal within 14 days. Pursuant to *Kamakana*, any motion to seal must set forth compelling reasons to support confidentiality because the Sealed Filings were submitted with briefing on a dispositive motion. Accordingly,

**IT IS ORDERED:**

1. The parties shall comply with LR 10-5(b), the Ninth Circuit's opinion in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), and the CM/ECF filing instructions stated herein with respect to filing documents under seal.

2. The parties shall confer about what, if any, portions of the Sealed Filings should remain sealed. If any party determines that a portion of the Sealed Filings should remain sealed, that party must file a motion to seal.

3. To support the request for sealing pursuant to *Kamakana*, the motion to seal must include a memorandum of points and authorities making a particularized showing why the documents should remain under seal. The motion may also include a supporting declaration or affidavit, a proposed order granting the motion to seal, and, if applicable, a proposed redacted version of the filing.

4. The party asserting confidentiality shall have until **November 30, 2015**, to file a motion to seal.

5. Plaintiff's Sealed Filings (Dkt. ## 108, 117, 118, 119, 120, 121) shall remain under seal until **November 30, 2015**. If the parties fail to timely comply with this

///

///

3

order, the Clerk of the Court is directed to unseal the documents to make them available on the public docket.

Dated this 16th day of November, 2015.

                                                    PEGGY A. LEEN
                                                  UNITED STATES MAGISTRATE JUDGE